UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD AND TINA MAHER** | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. |
| **DENNIS J. BARTON III** | ) | |
| Serve at:<br>Dennis J. Barton III<br>17600 Chesterfield Airport Road, Suite B7<br>Chesterfield, MO 63005 | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| **THE BARTON LAW GROUP, LLC** | ) | |
| Serve at:<br>Dennis J. Barton III, Registered Agent<br>17600 Chesterfield Airport Road, Suite B7<br>Chesterfield, MO 63005 | ) | |
| and | ) | |
| **CONSUMER ADJUSTMENT COMPANY, INC.** | ) | |
| Serve at:<br>Jonathan F. Dalton, Registered Agent<br>12935 North Forty Drive, Suite 210<br>St. Louis, Missouri 63141 | ) | |
| And | ) | |
| **ROGER WEISS** | ) | |
| Serve at:<br>4121 Union Road<br>St. Louis, MO 63129 | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW, Plaintiffs, Donald and Tina Maher, and for their Complaint state as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for actual and punitive damages brought by an individual consumer for conversion and abuse of process.

3. Plaintiffs demand a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has original jurisdiction over Plaintiffs' FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiffs in Jefferson County, Missouri, within the Eastern District of Missouri.  Further, this Court has original jurisdiction over Plaintiffs' FDCPA claim under 28 U.S.C. § 1331 because that claim arises under federal law.

5. This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a) because their state-law claims are part of the same case or controversy as their FDCPA claims.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendant Dennis J. Barton resides in the Eastern District of Missouri, and a substantial part of the events giving rise to the claim occurred in the Eastern District of Missouri under the direction of the Defendants Consumer Adjustment Company Inc. and Roger Weiss, both of whom reside

in the Eastern District of Missouri.  Venue is appropriate in this Court under Local Rule 3 - 2.07(b)(2) because Plaintiff was injured in this District, because all Defendants reside in the Eastern Division of the Eastern District of Missouri, and because the claim for relief arose in the Eastern Division of the Eastern District of Missouri.

**PARTIES**

7. Plaintiffs are natural persons currently residing in Jefferson County, Missouri. Plaintiffs are "consumers" within the meaning of the FDCPA.  The debt Plaintiff Tina Maher owes arises out of consumer, family, and household transactions.

8. Defendant Dennis J. Barton ("Barton") is an attorney licensed in Missouri, bar number #55176.  Defendant Barton is the organizer and manager of The Barton Law Group, LLC.  As such, Dennis Barton directed The Barton Law Group, LLC's operations and set its policies such that Barton and the Barton Law Group violated the FDCPA as set forth below.

9. Defendant The Barton Law Group, LLC ("BLG") is a Missouri limited liability company with its principal place of business in Chesterfield, Missouri.  Defendant BLG is a law firm that regularly attempts to collect debts alleged to be due another, and attempted to collect Plaintiffs' debt at issue.

10. Defendant Consumer Adjustment Company, Inc. ("CACi") is a Missouri corporation with its principal place of business in St. Louis, Missouri.  The principal business purpose of CACi is the collection of debts in Missouri and nationwide, and CACi regularly attempts to collect debts alleged to be due another.  Defendant Weiss owns CACi and set CACi's policies that violated the FDCPA as set forth below; specifically, Weiss ordered and directed Barton to sue Plaintiff in the name of the hospital and Weiss ordered the post-bankruptcy garnishment, upon information and belief.  As such, Weiss and CACi are collectively referred to

hereafter as "CACi."

11. All Defendants are engaged in the collection of debts from consumers using the mail and telephone. All Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. §1692a (6).

12. BLG, at all times relevant, has acted with the express consent and knowledge and at the direction of CACi.

13. BLG, at all times relevant, functioned as CACi's agent.

14. BLG has benefitted financially from the services it has performed at the behest of CACi; CACi either pays BLG hourly or pays BLG a percentage of the amount Defendants have stolen from Plaintiffs.

## FACTS

15. Defendants' collection activity of which Plaintiffs complain occurred within the previous twelve (12) months.

16. Plaintiff Tina Maher's debt in the amount of $5,243.16 arose from medical services obtained at St. Anthony's Medical Center ("SAMC") on or about October 3, 2009.

17. Barton served Plaintiff Tina Maher ("Tina") with a lawsuit on behalf of SAMC for failure to pay the debt on November 14, 2012. **Exhibit 1**

18. Upon information and belief, it is believed that SAMC was not the real party in interest in the lawsuit against Tina because it is believed that on August 28, 2012, SAMC had assigned to CACi for consideration, all of its legal rights to receive payment and collect on the debt owed by Tina, with the express limitation that CACi sue in its own name as assignee.

19. Within the week prior to filing this Complaint, Plaintiffs learned that SAMC never hired Barton and had no knowledge that Barton was posing as its attorney. Upon

information and belief, it is believed that it is common practice for Barton to file suit on behalf of St. Anthony's Medical Center when Barton has known or should have known that the real party in interest is merely a debt collector- CACi.

20. Default judgment on the suit was entered on January 08, 2013 in the amount of $5,760.29. **Exhibit 2**

21. On February 8, 2013, a writ of execution in the amount of $5,916.96, garnishment number #13-GARN-947, was entered and issued against Tina's employer, Des Peres Operations LLC., to garnish all of Tina's wages to satisfy the judgment. **Exhibit 3**

22. On April 5, 2013, Plaintiffs filed for Chapter 7 Bankruptcy. Plaintiffs' Bankruptcy petition listed Defendants Barton and CACi, as well as SAMC on the matrix of creditors and notice of the bankruptcy was properly mailed to those parties. **Exhibit 4**

23. Furthermore, on April 5, 2013, the Plaintiffs' bankruptcy attorneys, the Law Offices of Rosenthal & Ringling, P.C. sent notice of the bankruptcy petition to Barton.

24. On April 9, 2013, Plaintiffs' Suggestion of Bankruptcy was filed and a Release of Garnishment was entered by the Jefferson County Circuit Clerk of Court. **Exhibit 5**

25. As such, Barton and CACi knew or should have known on April 5, 2013, or at the very latest on April 9, 2013, that Plaintiffs had sought bankruptcy protection.

26. From the time her bankruptcy petition was filed on April 5, 2013, an automatic stay was in force pursuant to the United States Bankruptcy Code, which prohibited all creditors and collectors listed on her petition from continuing to collect or attempt to collect any included debts.

27. However, despite the institution of the automatic stay during the month of April 2013, Tina's wages were garnished in the total amount of $898.63, once on April 8, 2013 in the

amount of $486.36, and once again on April 22, 2013 in the amount of $412.27, in violation of the bankruptcy automatic stay.

28.    29.    On July 16, 2013, Plaintiffs Donald and Tina Maher received a discharge of their debts in bankruptcy, including a complete discharge of the judgment entered on behalf of SAMC. Defendants Barton and CACi, as well as SAMC were properly mailed notice of the discharge order. **Exhibit 6**

30.    Nevertheless, in an attempt to collect on the discharged judgment, Barton again garnished Tina's wages, in violation of the discharge injunction.

31.    Specifically, on July 29, 2013, Barton re-entered a writ of execution on the discharged debt in the amount of $5,290.35, garnishment number #13-GARN-4366, which was issued against Tina's employer to garnish all of Tina's wages to satisfy the judgment. **Exhibit 7**

32.    Upon entering the writ of execution on the judgment on July 29, 2013, Barton knew or should have known that Plaintiffs' debt was discharged in bankruptcy.

33.    Yet again, on October 31, 2013, Barton re-entered a writ of execution on the discharged debt in the amount of $5,448.27, garnishment number #13-GARN-6169, which was issued against Tina's employer to garnish all of Tina's wages to satisfy the judgment. **Exhibit 8**

34.    On November 1, 2013, the Plaintiffs' bankruptcy attorneys, the Law Offices of Rosenthal & Ringling, P.C. sent notice to Barton to cease all garnishment activity on the discharged debt.

35.    On November 1, 2013, Barton released the garnishment entered on October 31, 2013, garnishment number #13-GARN-6169. **Exhibit 9**

36.    However, the garnishment which was entered on July 29, 2013, garnishment number #13-GARN-4366 remained in place as of November 4, 2013.

37. On or about November 4, 2013, Tina's wages were garnished in the amount of $361.42. **Exhibit 10**

38. This was entirely unlawful, as the debt underlying the judgment was extinguished in the bankruptcy discharge.

39. As of the date of this petition, Defendants remain in actual or constructive possession of the converted funds and Tina has not been repaid the thousands of dollars wrongfully taken from her.

40. Defendant's collection activity has caused Plaintiffs to incur actual damages including but not limited to anxiety, sleeplessness, financial hardship, and emotional distress.

## COUNT I: BARTON'S VIOLATION OF THE FDCPA

41. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

42. In its attempt to collect the alleged debt from Plaintiff Tina Maher, Defendant Barton has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

    a. Garnishing Plaintiff Tina Maher's wages during the automatic stay, 15 U.S.C. § 1692d-f;

    b. Garnishing Plaintiff Tina Maher's wages after Barton knew or should have known that the underlying debt had been extinguished in bankruptcy, 15 U.S.C. § 1692d-f;

    c. Engaging in deceptive, harassing, and unfair conduct in the collection of a debt, 15 U.S.C. § 1692d-f.

    c. Filing suit against Plaintiff on behalf of St. Anthony's Medical Center when Barton knew or should have known that St. Anthony's Medical Center no longer owned Plaintiff's debt.  15 U.S.C. § 1692d-f.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendant Barton for:

A. Judgment that Barton's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

E. For such other relief as the Court may deem just and proper.

## COUNT II: CACI'S VIOLATION OF THE FDCPA

43. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

44. In its attempts to collect the alleged debt from Plaintiff Tina Maher, Defendant CACi has committed violations of the FDCPA, 15 USC 1692 et. seq., including, but not limited to, the following:

a. Failing to prevent Barton from taking and re-entering a writ of execution for garnishment of Plaintiff Tina Maher's wages when CACi knew that the debt had already been discharged in bankruptcy. 15 U.S.C. §1692d-f.

b. Attempting to collect a debt it knew or should have known was no longer valid. 15 U.S.C. § 1692d-f.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant CACi for:

A. Judgment that CACi's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

D.      For such other relief as the Court may deem just and proper.

## COUNT III: CONVERSION – ALL DEFENDANTS

45.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

46.     Defendants converted an identifiable fund—a portion of Plaintiff Tina Maher's wages—in Defendants' possession for a specific purpose, namely, satisfying a debt that had already been discharged in bankruptcy.

47.     Defendants garnished thousands of dollars from Plaintiff Tina Maher's wages from the time of the bankruptcy filing to the date of this Petition.

48.     Plaintiffs had the sole exclusive interest in these wages.

49.     Because the underlying debt no longer existed or because the automatic stay was in effect, Defendants had no right to garnish Plaintiff Tina Maher's wages or to engage in any other collection activity against Plaintiffs.

50.     On multiple occasions, Defendants were notified that the debt it sought to collect had been discharged in bankruptcy.

51.     Defendants improperly entered a writ of execution for garnishment of wages, even though Defendants had actual knowledge of the debt's discharge.  Defendants' actions were wanton, malicious, deliberate, and in blatant disregard for Plaintiffs' rights.

52.     Defendants remain in constructive possession of the illegally converted funds.

53.     Defendants' conversion has caused Plaintiffs to suffer damage, including embarrassment, financial difficulty, anxiety, sleeplessness and worry.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants for:

A.      Actual damages;

B.      Punitive damages in the largest amount allowed by law; and

C.      For such other relief as the Court may deem just and proper.

## COUNT IV: ABUSE OF PROCESS – ALL DEFENDANTS

54.      Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

55.      Defendants made an illegal, improper, and perverted use of process by garnishing Plaintiff Tina Maher's wages on a discharged debt.

56.      The process Defendants used neither warrants nor authorizes Defendants' unlawful garnishment.

57.      Defendants had an improper purpose in exercising their illegal use of process, namely, to intimidate and harass Plaintiffs into paying a debt that was no longer owed to Defendants, or, to outright convert such funds through the illegal use of process.  Defendants' actions were wanton, malicious, deliberate, and in blatant disregard for Plaintiffs' rights.

58.      Defendants' abuse of process has caused Plaintiffs damage, including but not limited to the monetary loss described above, emotional distress, and has degraded their financial position.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants for:

A.      Actual damages;

B.      Punitive damages in the largest amount allowable by law; and

C.      For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC


   /s/ Dominic Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiffs
5988 Mid Rivers Mall Dr., Suite 112
St. Charles, MO  63304
(636) 541-7673
(636) 441-6881 facsimile