UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD MAHER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:13-CV-2260 (CEJ) |
| DENNIS J. BARTON, III, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for an award of attorney's fees and costs. Defendants have filed a response in opposition,[1] and the issues are fully briefed.

I. **Background**

Plaintiffs Donald and Tina Maher filed this suit on November 13, 2013, alleging that defendants, debt collectors, wrongfully garnished their wages after receiving notice that plaintiffs had filed for bankruptcy. Plaintiffs brought claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and Missouri law. Two of the four defendants answered the complaint on January 13, 2014. On January 30, 2014, all defendants made an offer of judgment pursuant to Fed.R.Civ.P. 68 in the amount of $2,399.63, in addition to costs and reasonable attorney's fees. The offer specified that, if the parties could not agree on an amount of attorney's fees, that amount would be determined by the Court.

Plaintiffs accepted defendants' offer of judgment on February 7, 2014. They now seek an award of $11,220.00 in attorney's fees, representing 37.4 hours of work

---

[1] Defendants Consumer Adjustment Company, Inc. and Roger Weiss joined and adopted the Memorandum in Opposition filed by defendants Dennis J. Barton, III and the Barton Law Group, LLC. See Doc. #27.

at a rate of $300.00 per hour, and $600.00 in costs. Defendants do not challenge plaintiffs' request for costs, but object to the amount of fees requested as excessive. They propose that plaintiffs' attorney be compensated for 10 hours of work at a rate of $270.00 per hour, for a total award of $2,700.00.

II. **Discussion**

The FDCPA awards "the costs of the action, together with a reasonable attorney's fee as determined by the court" to a prevailing party. 15 U.S.C. § 1692k(a)(3). To determine if the fees requested are reasonable, the Court looks to the lodestar method of fee calculation, which is "generally applicable to all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley v. Eckhart, 461 U.S. 424, 433 n. 7 (1983). To arrive at the lodestar figure, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. Id. at 433-34.

A. Hourly Rate

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" Moysis v. DTG Datanet, 278 F.3d 819, 828-29 (8th Cir. 2002) (quoting Emery v. Hunt, 272 F.3d 1042, 1047 (8th Cir. 2001)). An attorney must "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Hanig

v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citing Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2004)).

Plaintiffs were represented by attorney Dominic M. Pontello, and seek to recover fees at a rate of $300.00 per hour. In an affidavit submitted in support of the motion for fees, Mr. Pontello states that was admitted to practice law in Missouri in 2008. He worked on consumer bankruptcy cases at Castle Law Office of St. Louis, P.C., until he opened his own firm, Pontello Law, LLC, in 2011. He works primarily on consumer bankruptcy and FDCPA litigation. [Doc. #23-4].

Plaintiffs point to a 2010-2011 United States Consumer Law Attorney Fee Survey Report, finding the average hourly billing rate for an attorney at a small consumer law firm in Missouri was $330.00 in 2011. Plaintiffs also cite to a recent FDCPA case in state court awarding Mr. Pontello fees at the rate specified in his retainer agreement, $475.00 per hour [Doc. #23-1], and FDCPA cases in this district awarding fees of up to $295.00 per hour. See Conway v. Specified Credit Assn. 1, Inc., 4:13-CV-1821 (CEJ), 2014 WL 51024, at *2 (E.D. Mo. Jan. 7, 2014) (finding the requested hourly rate of $305.00 for an attorney who had practiced consumer litigation since 2002 to be excessive, and awarding $295.00 per hour); Penning v. Allstate Fin. Servs., Inc., 4:10-CV-1398 (AGF), 2011 WL 766387, at *1 (E.D. Mo. Feb. 25, 2011) (awarding fees of $265.00 per hour); Batchelor v. Profile Recovery Grp., LLC., 4:10-CV-1502 (AGF), 2011 WL 766389, at *1 (E.D. Mo. Feb. 25, 2011) (awarding fees at rates as high as $275.00 per hour).

Considering the evidence presented by plaintiffs, and drawing from the Court's own experience and knowledge of prevailing market rates, the Court concludes that the requested hourly rate of $300.00 is excessive for an attorney of Mr. Pontello's skill

and experience. Instead, the appropriate hourly rate for the services performed by Mr. Pontello in this case is $280.00.

B.   Hours Expended

Plaintiffs' counsel seeks an award for 37.4 hours of work. That is an unreasonable request. This relatively straight-forward FDCPA case was in its infancy when it was resolved. Plaintiffs filed their complaint in November 2013, and accepted defendants' offer of judgment in February 2014. The only document filed by plaintiffs prior to their acceptance of the offer of judgment was the complaint. No motions were filed requiring briefing, a scheduling conference had yet to occur, and initial discovery had not yet begun.

The billing records submitted in support of plaintiffs' motion for fees [Doc. #23-2] show the time spent on many tasks was excessive and unnecessary. For example, plaintiffs' counsel devoted eleven hours to this case prior to drafting the complaint. This time was spent speaking with the referring attorney, traveling to meet the plaintiffs, meeting with the plaintiffs, and investigating plaintiffs' underlying bankruptcy case and the assignment of plaintiffs' debt.[2] Considering the relative simplicity of this case, the amount of time spent discussing and investigating plaintiffs' claims is unreasonable. Moreover, while courts in this district generally allow an award for reasonable attorney travel time at the full hourly rate, the travel time billed in this case is not reasonable. See Rose Confections, Inc. v. Ambrosia Chocolate Co., 816 F.2d 381, 396 (8th Cir. 1987) (stating that recovery of full hourly rate for attorney travel time is permitted unless the district court determines in its discretion that such

---

[2] Counsel's billing records reflect that he spent one hour on the telephone with the referring attorney, drove one hour to meet with plaintiffs, spent two hours in an initial consultation with plaintiffs, and spent one hour driving back to his office. He then spent a total of six hours investigating plaintiffs' claims. [Doc. #23-2].

-4-

recovery would be unreasonable). Unlike a deposition or court appearance requiring travel, an initial consultation with clients could easily be held in counsel's office.

The billing records reflect that it took plaintiffs' counsel four hours to draft the complaint, three hours to review and revise it, five hours to prepare the exhibits attached to it, two hours to file it, one hour to forward the summonses to the process servers, and one hour to discuss the filing of the complaint with plaintiffs. The time spent on these tasks is excessive. The complaint is ten pages long, and the four claims asserted are not complex, and do not merit seven hours of drafting and editing. Many of the exhibits filed in conjunction with the complaint are documents from the underlying collection and bankruptcy cases. Preparation of these documents should not take five hours.

Plaintiffs' counsel billed two hours for discovery on December 13, 2013. At that time, defendants had not yet filed an answer, nor had a case management order been entered. The Court will not award fees for time spent engaging in premature discovery.

Finally, plaintiffs' counsel billed several hours after receiving service of the offer of judgment. An offer of judgment is generally treated as an offer to make a contract. Hennessy v. Daniels Law Office, 270 F.3d 551, 553 (8th Cir. 2001). "When an offer of judgment unambiguously limits recovery of attorney's fees, courts should honor that limitation." Stephens v. Cirrincione, No. 11 C 6354, 2012 WL 2872448, at *3 (N.D. Ill. July 11, 2012). Here, the offer of judgment states that "Plaintiffs' reasonable court costs and reasonable attorney's fees, *now accrued* and in connection with Plaintiffs' prosecution of the claims made in Plaintiffs' Complaint against Defendants in this action, are to be added to the Judgment against Defendants…." [Doc. #20-1]

(emphasis added).  This statement is unambiguous.  Plaintiffs' counsel will not be awarded fees accrued after service of the offer.

From the requested 37.4 hours, the Court will subtract the hours billed after the offer of judgment (2.8), the hours billed for travel (2), and the hours billed for premature discovery (2).  From the remaining entries in the billing records (totaling 30.6 hours), the Court will apply a 50% percentage reduction to adjust for the excessive billing for allowable expenses, in lieu of making line-by-line cuts.  Applying the deductions described above, the total compensable time is 15.3 hours, at the hourly rate of $280, for a total award of $4,284.00 for attorney's fees.  This lodestar figure accurately captures the quality of the services rendered and the favorable result obtained by plaintiffs' counsel.

Plaintiffs also seek taxable costs in the amount of $600.00.  Defendants do not oppose these costs and they will be allowed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for an award of attorney's fees and costs [Doc. #22] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that defendants shall pay to plaintiffs $4,284.00 for attorney's fees and $600.00 for costs.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.